JAMES HAND *v.* MARVIN C. FILLINGAME ET AL.

[45 South., 569.]

DEEDS. *Construction. Standing timber. Reservation. Removal after designated time.*

Under a deed of general warranty of title whereby the grantor reserves all standing timber of certain dimensions on the land and agrees to remove the same within a designated period, full right of way being retained therefor, the grantee on the expiration of such period becomes the owner of the timber still standing, and may recover of the grantor the value of all timber thereafter cut and removed.

FROM the circuit court of Lamar county.

HON. WILLIAM H. COOK, Judge.

Fillingame, and another, appellees, were plaintiffs in the court below, and Hand, appellant, defendant there. From a judgment in plaintiffs' favor the defendant appealed to the supreme court.

Plaintiffs' suit was in trespass for timber cut and removed by the defendant from realty which he had previously sold them. The trial was before the judge, a jury being waived; and the issue involved the construction of the latter part of Hand's deed to the plaintiffs. The deed, in so far as its materiality in this case is concerned, is set forth in the opinion. It was undisputed that after the expiration of the period of twelve months

in which Hand agreed, in the deed, to remove the timber, he entered upon the premises and cut and removed timber to the value of about $75, without permission of the plaintiffs.

*C. G. Mayson,* for appellant.

While the latter part of appellant's deed to appellees recites that he reserved certain designated timber, this must be construed by this court to be intended as an exception on appellant's part to prevent the passing of his title in the timber to the appellees. An exception is the withholding of something from the grant *in esse* at the time the grant was made. A reservation is the creation of some new right issuing out of the thing granted, and which did not exist before as an independent right in behalf of the grantor. Jones' Real Property, §§ 503, 555; Devlin on Deeds, § 221; *Elsea* v. *Atkins,* 108 Am. St. Rep., 320, 164 Ind., 580; *Adams* v. *Tarr,* 2 L. R. A., 87; *Kincaid* v. *McGowan,* 80 Ky., 91, 13 L. R. A., 289; *McAllister* v. *Honea,* 71 Miss., 256, 14 South., 264. The words "exception" and "reservation" are frequently used interchangeably and synonymously. *Roberts* v. *Robertson,* 53 Vt., 690, 38 Am. St. Rep., 710. The reservation of a right to cut and remove trees within a certain time is merely a right to enter and cut within that time. Jones' Real Property, § 559; *Rich* v. *Zeilsdorff,* 99 Am. Dec., 81.

In cases where the trees themselves are reserved to the grantor in conveyances of realty, the property in them remains in the grantor. A reservation that the trees shall be cut and removed within a given time does not make the exception conditional on such removal. The grantor may remove them after the stipulated time has expired, but will be liable in damages for breaking and entering upon the premises, although such damages would not include the value of the trees, for they are already the property of the grantor. *Iron* v. *Webb,* 41 N. J. L., 203, 32 Am. Rep., 193; Jones' Real Property, § 559.

The clause in appellant's deed, "the grantor agrees to remove said timber within twelve months from this date," is merely

a contract or covenant, and appellant's failure to so remove the timber from the land cannot *ipso facto* work a forfeiture of his property rights in the timber; nor does his failure in such respect vest the grantees in the deed with title to the timber. The agreement as to the time in which appellant was to remove the timber, as shown above, had no connection whatever with the exception of the timber from the grant of land to appellees.

Both reason and the weight of authority support the proposition that if, in a conveyance, the grant of property, or its exception from the grant, be absolute, then the agreement, with reference to such grant, is a covenant, and in case of exception, the title to the excepted property remains as it was at the time of execution of the deed of conveyance. *Hoit* v. *Stratton*, 54 N. H., 109, 20 Am. Rep., 119; *Heflin* v. *Bingham*, 56 Ala., 566; *Magnetic Ore Co.* v. *Marbury Lumber Co.*, 104 Ala., 465; 28 Am. & Eng. Encyc. Law (2d Ed.), 451; *Peterson* v. *Gibbs*, 81 Pac. Rep., 121.

*Sullivan & Tally*, for appellees.

Appellant's deed to appellees conveyed and warranted to them the land, and with it the timber growing thereon. In the latter part of the deed appellant provided for the reservation of certain timber, and expressly limited his right to this timber for only twelve months from date of the deed. It was manifestly the intention of the parties that the timber, together with the land, should be conveyed, with the sole privilege withheld to and by the grantor that for twelve months from the date of execution of the deed he might cut and remove from the premises timber of a certain size; and that at the expiration of such period this right should cease. By no construction can the deed be held to provide that an unconditional title remained in appellant.

If the appellant, as grantor in the deed, had the right to enter upon the premises and cut and remove timber after twelve months from its date, then he had similar right to so enter and cut and remove timber twenty-four or thirty-six months, or for

an indefinite period, after its date. This would certainly be a servitude such as was not contemplated by the parties.

We invite the court's attention to the case of *Saltonstall* v. *Little,* 35 Am. Rep., 683, where a deed in many respects similar to appellant's was construed, and the court held that, as the grantor's right to enter and remove timber from premises sold by him extended, under the recitals of the deed, for only twelve years, from date of the deed, such right ended at the expiration of the twelve years.

We also refer to *Rich·* v. *Zeilsdorff,* 22 Wis., 544, 99 Am. Dec., 81, which is also cited by appellant, but which the court will find sustains the construction placed on appellant's deed in the present case by the lower court.

The case of *Iron* v. *Webb,* 32 Am. Rep., 193, cited by appellant, decides nothing except that the grantor who cut certain trees within a certain specified period allowed him, but failed to remove all of them within such period, had the right, after the expiration of such period, to enter and remove the trees cut. But our court has distinctly disapproved this doctrine in *Clark* ·v. *Ingram Day Lumber Co.,* 90 Miss., 479, 43 South., 813. As supporting the holding of our court we cite the following: 28 Am. & Eng. Encyc. Law (2d ed.), 543 ; *McRae* v. *Stillwell,* 55 L. R. A., 513 ; *Rich* v. *Zeilsdorff, supra; Clark* v. *Guest,* 54 Ohio St., 298, 43 N. E., 862 ; *Perkins* v. *Stockwell,* 131 Mass., 529 ; *Richards* v. *Tozer,* 27 Mich., 451, 55 L. R. A., 528 ; *Martin* v. *Gilson,* 37 Wis., 360 ; *Monroe* v. *Bowen,* 26 Mich., 523.

A full discussion of the question here involved will be found, together with copious foot-notes, in *Atkins* v. *Huff,* 3 L. R. A. (N. S.), 649.

CALHOON, J., delivered the opinion of the court.

James Hand had the title from the government down to February 4, 1904. On that day he made a conveyance to the Fillingames, which, after reciting the consideration, proceeds thus : "I convey and warrant unto M. C. and O. A. Fillingame the

following described land"—describing it, and then after a period it proceeds thus: "It is further understood and agreed that the grantor herein reserves and holds a vendor's lien on the above-described land until all of the purchase money as above described is fully paid." Then after another period it proceeds: "It is further understood and agreed that the grantor herein reserves all of the timber standing and growing on the above-described land, which lies on the north side of Beaver Dam branch, from twelve inches and up at the stump, and is to have full right of way through said lands for the purpose of removing said timber. The grantor hereby agrees to remove said timber within twelve months from this date." After twelve months expired, Hand did cut and remove about $75 worth of the timber, for which he was sued for trespass by the Fillingames, and appeals to this court.

We hold that the meaning of this instrument is that Hand made an absolute conveyance of all this land, which included the timber on it, subject to his right to remove such of the timber as was from twelve inches and up at the stump within twelve months, and that what he did not remove within the twelve months was the property of the grantees, who had a right to the action of trespass against him after the time expired.

<div align="right">

*Affirmed.*